# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISCTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Joseph J. Giacalone, Jr. Esq. | ) <br> ) Case No. 08-CV-2670 <br> ) Hon. George M. Marovich |
| Plaintiff, | ) Mag. Judge Susan E. Cox |
| vs. | ) <br> ) |
| Resurrection Medical Center, and Illinois Collection Service, Inc. | ) IL Circuit Court <br> ) Case No. 2008L002984 <br> ) |
| Defendants. | ) |

FILED
JUN 0 5 2008 TC
Jun 05 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO REMAND CASE TO STATE COURT AND OBJECTION TO DEFENDANTS' JOINT NOTICE OF REMOVAL TO FEDERAL COURT

Plaintiff, Joseph J. Giacalone, Jr., prays that this Honorable Court remand this case back to the Circuit Court. In support of this motion, Plaintiff states as follows:

1. Plaintiff filed this complaint on March 17, 2008.

2. There are two defendants: Resurrection Medical Center (hereinafter "Resurrection") and Illinois Collection Services (hereinafter "ICS"). Both defendants were

1

served.

3. Defendants filed a notice of removal on May 8, 2008 with this court.

4. This case should be remanded to the state court for the following reasons, among others: 1. the state court has the power and competence to hear this case; 2. state law predominates; 3. this is not a case of exclusive jurisdiction; and 4. Defendants have failed to meet their burden of proof that this action must be removed.

5. State courts generally have unlimited jurisdiction, subject to statutes. States have to hear cases that are brought under their own state laws or under other state laws. States have the power and duty to hear federal law cases. State and federal trial courts have concurrent subject matter jurisdiction in a large number of cases. A state court of general jurisdiction can hear cases based on either federal or state law, subject only to the ability of Congress to provide for exclusive jurisdiction. <u>Pleading and Procedure State and Federal Cases and Materials 7th Edition</u> by Geoffrey C.

Hazard, Jr., Colin C. Tait, and William A. Fletcher Westbury, New York The Foundation Press, Inc. 1994 page 383.

6. This is a case of mixed state and federal law. State law predominates. Plaintiff had hospital services performed by Resurrection. Certain accounts were turned over to the collection company, ICS. ICS then reported the accounts to Plaintiff's credit bureaus as accounts "unpaid" and "in collection". Plaintiff strongly asserts that the accounts should not have appeared on his credit reports; he claims these account were false and should not have been reported to the credit reporting agencies.

7. First, Resurrection reported a debt that had been discharged in bankruptcy to the credit bureaus. Second, Resurrection reported a false amount and debt as in collection when the account had not been reconciled (paid) by Plaintiff's insurance company. Third, Resurrection reported a paid account as in collection. These false accounts caused plaintiff damage in denials of credit, higher interest rates offered, and general aggravation and distress.

The complaint alleges 9 causes of action:

I. Violation of the Illinois Consumer Fraud Act 815 Ill. Comp State 505/1 et seq.;

II. Violation of the Uniform Deceptive Trade Practices Act 815 Ill. Comp. Stat. 510/1 et seq.;

III. Violation of the Fair Credit Reporting Act;

IV. Defamation;

V. Tortuous interference with prospective economic advantage;

VI. Intention infliction of emotional distress;

VII. Negligent infliction of emotional distress;

VIII. Fraud; and

IX. Violation of Fair Debt Collection Practices Act.

8. Seven of the nine causes of action are state law claims. The crux of the complaint alleges damage to plaintiff's character and reputation. It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct.

4

3229, 92 L.Ed.2d 650 (1986); <u>Lippitt v. Raymond James Fin. Servs.</u>, 340 F.3d 1033, 1044-1045 (9th Cir. 2003). The Defendants' **bare bones** Joint Notice of Removal presumes exclusive federal court jurisdiction. However, this is not a case of exclusive jurisdiction. This is a case of concurrent jurisdiction with compelling reasons for state court jurisdiction. Moreover, the Fair Credit Reporting Act does not exclusively confer jurisdiction in the federal courts. The Fair Debt Collection Practices act does not either. The language in each Act is permissive. It was correctly contemplated by the legislature that these laws could be interpreted by state courts.

9. § 1367(c). Supplemental jurisdiction states:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In the case at bar, Plaintiff makes a complex claim of a violation of Illinois case law regarding negligent and intention inflictions of emotional distress. An element of each cause of action is substantial emotional distress. Illinois case law often has conferred liability upon large corporations in their debt collection practices. The case at bar is a complex one which will explore case-specific aspects of Illinois law as interpreted by state judges. Thus, this court should not exercise supplemental jurisdiction.

10. Furthermore, the state law claims in the complaint predominate over the two Federal statutes. The complaint asserts violations of the Illinois Consumer Fraud and Deceptive Business Practices Act. Here, Plaintiff claims putting false accounts on a credit report is a deceptive, misleading and fraudulent act. Similarly, the causes of action for defamation and intention interference of prospective economic advantage center on the critical facts: misleading items appeared on plaintiff's credit reports, which hurt his reputation.

11. Moreover, there are other compelling reasons for this court to decline to exercise jurisdiction. Section 1367(c)(4)'s analysis usually involves consideration of "the values of judicial economy, convenience, fairness, and comity. City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)(quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350. 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Plaintiff is more familiar with the Illinois state court system. He does not know how to file documents online through the federal system. It is in the interests of fairness that Plaintiff be put on a fair playing field where the case is litigated in state court.

12. 28 U.S.C. § 1441(c) Actions removable generally states:

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Because state law predominates in this case, the case should be heard in state court. Plaintiff prepared his case knowing from the

7

beginning that state law predominates. Plaintiff's choice of forum in state court was proper. This is reflected in the fact that--most importantly--seven of the nine causes of action concern Illinois state laws.

13. Defendants' Joint Notice of Removal is a legally insufficient motion. It is well settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction not the party moving for remand to state court to show that the requirements for removal have been met. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. Samuel v. Langham, 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also,* Fellhauer v. Geneva, 673 F.Supp.

1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." <u>Gorman v. Abbott Laboratories</u>, 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." *See, e.g.,* <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398 (9th Cir. 1996). Defendants' Joint Notice fails to meet its burden to justify removal.

WHEREFORE, Plaintiff, Joseph J. Giacalone, Jr., prays for:

    a.    a remand to state court;

    b.    dismissal of defendants' joint notice or removal;

    c.    Costs, litigation expenses, and attorneys' fees to defend this removal issue; and

    d.    such other relief as the Court may determine to be proper.

Respectfully Submitted,

By: /s/
Joseph J. Giacalone, Jr., Esquire

Joseph J. Giacalone, Jr. Esq.
Giacalone & Associates, LLC
4304 North Osceola Avenue
Norridge, IL 60706
Phone: 847-707-9000
Attorney No. 35789

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this document by regular mail to the defendants on June ___, 2008.

By /s/
Joseph J. Giacalone

10