IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH J. GIACALONE, JR.,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>RESURRECTION MEDICAL CENTER and  )<br>ILLINOIS COLLECTION SERVICE, INC.,  )<br>  )<br>    Defendants.  )<br>  )<br>  ) | Case No. 08-CV-2670<br><br>Hon. George M. Marovich<br><br>Mag. Judge Susan E. Cox |

## INITIAL JOINT STATUS REPORT

Plaintiff, Joseph J. Giacalone, Jr., Esq. ("Plaintiff"), appearing *pro se*, and Defendants, Resurrection Medical Center ("Resurrection") and Illinois Collection Service, Inc. ("ICS") (sometimes collectively referred to as "Defendants"), by attorneys, submit this Initial Joint Status Report:

**A.  DATE AND TIME THIS MATTER IS SET FOR A STATUS HEARING BEFORE THE COURT.**

This Court originally set the initial status hearing for Tuesday, June 24, 2008 at 11:00 a.m. On June 17, 2008, this Court struck that hearing date and new date has not been set.

**B.  ATTORNEYS OF RECORD FOR EACH PARTY AND ATTORNEY EXPECTED TO TRY THE CASE.**

The parties refer the Court to the below signature block for the attorneys of record, and identify the following as the attorneys expected to try this case: Joseph J. Giacalone (Plaintiff); Edwin E. Brooks (Resurrection); and David M. Schulz (ICS).

**C.  BASIS OF FEDERAL JURISDICTION.**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 due to the fact that Plaintiff brings claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA"),

and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**D.    WHETHER A JURY HAS BEEN REQUESTED AND BY WHICH PARTY.**

Upon filing the Notice of Removal, Defendants requested a jury.

**E.    BRIEF STATEMENT OF NATURE OF THE CASE, INCLUDING MAJOR FACTUAL AND LEGAL ISSUES IN DISPUTE AND AGREEMENT.**

Plaintiff contends that this is a case about illegal reporting to credit bureaus and illegal collection practices. Plaintiff was treated at Resurrection and thereafter, he declared bankruptcy. Certain unpaid accounts were turned over to the collection company, ICS. ICS then reported the accounts to Plaintiff's credit bureaus as accounts "unpaid" and "in collection." Plaintiff asserts that the accounts should not have appeared on his credit reports; he claims these accounts were false and should not have been reported to the credit reporting agencies.

Plaintiff contends that the factual issues are as follows. First, Resurrection allegedly reported a debt that had been discharged in bankruptcy to the credit bureaus. Second, Resurrection allegedly reported a false amount and debt as in collection when the account should have been paid by Plaintiff's insurance company. Third, Resurrection allegedly reported a paid account as in collection. These actions allegedly damaged plaintiff by causing denials of credit, higher interest rates offered, injuries to his reputation, and general aggravation and distress. The complaint alleges 9 causes of action: (i) violation of the Illinois Consumer Fraud Act 815 Ill. Comp State 505/1 et seq.; (ii) violation of the Uniform Deceptive Trade Practices Act 815 Ill. Comp. Stat. 510/1 et seq.; (iii) violation of the Fair Credit Reporting Act; (iv) defamation; (v) tortious interference with prospective economic advantage; (vi) intentional infliction of emotional distress; (vii) negligent infliction of emotional distress; (viii) fraud; and (ix) violation

of the Fair Debt Collection Practices Act. Plaintiff contends that the legal issues are the applicability of the legal counts above.

Resurrection believes that the parties are in agreement that Plaintiff received medical services at Resurrection and that he did not fully pay for those services. It is too early to determine whether the parties are in agreement over any other factual or legal issues. With respect to Plaintiff's claims against Resurrection, Resurrection believes that there are several factual disputes, including, but not limited to: (i) whether Resurrection engaged in improper collection practices; (ii) whether Resurrection improperly reported Plaintiff's failure to pay accounts to any credit bureaus; (iii) and whether Plaintiff suffered any actual damages. Resurrection asserts that several legal issues are in dispute and refers the Court to its Memorandum of Law in Support of Its Motion to Dismiss, filed June 12, 2008, for an analysis of those legal issues. Resurrection further contends that a major factual issue in dispute is whether any alleged action taken by Resurrection was the proximate cause of any alleged injury suffered by Plaintiff who, during the relevant time period, declared bankruptcy.

ICS also believes that it is too early to determine whether the parties are in agreement over any factual or legal issues. ICS asserts that there are several factual issues in dispute regarding Plaintiff's claims against ICS, including, but not limited to: (i) whether ICS had knowledge of Plaintiff's bankruptcy or any alleged payment arrangement between Plaintiff and Resurrection; (ii) whether ICS engaged in any prohibited collection activity with respect to Plaintiff; (iii) whether ICS improperly reported any of Plaintiff's accounts with Resurrection to any credit reporting agency; (iv) and whether Plaintiff suffered any actual damages. There are several disputed legal issues in this matter. ICS refers the Court to its Motion to Dismiss, filed

June 16, 2008, for an identification and analysis of those disputed legal issues. ICS also disputes that any of its alleged actions proximately caused any alleged injury suffered by Plaintiff.

F.    **RELIEF SOUGHT BY ANY PARTY, INCLUDING COMPUTATION OF DAMAGES, IF AVAILABLE.**

As of the time of filing this Initial Joint Status Report, neither Defendant has filed any counter-claims against Plaintiff, cross-claims or-third party claims. Plaintiff contends that the defamatory reports to credit bureaus proximately caused the following damages: loss of credit, refusal to extend credit to the plaintiff, an impaired good name and reputation, injuries to plaintiff's psyche, emotional distress, severe blows to plaintiff's self-worth and self-confidence, and humiliation and embarrassment every time plaintiff was rejected for credit. Defendants believe that even if Plaintiff suffered from any of the aforementioned maladies, his filing bankruptcy was most likely the proximate cause.

G.    **NAME OF ANY PARTY WHO OR WHICH HAS NOT BEEN SERVED, AND ANY RELEVANT FACTS OR CIRCUMSTANCES RELATED TO SERVICE OF PROCESS ON SUCH PARTY.**

None.

H.    **BRIEF DESCRIPTION OF ALL ANTICIPATED MOTIONS.**

In the event that this Court does not dismiss Plaintiff's entire claim, Defendants anticipate filing motions for summary judgment. In the event that this matter proceeds to trial, Defendants also anticipate filing pre-trial motions such as motions *in limine* and *Daubert* motions challenging Plaintiff's expert witnesses, if any.

Plaintiff anticipates filing a motion for summary judgment as well as pre-trial motions such as motions *in limine* and motions challenging defendant's expert witnesses, if any.

**I.    PROPOSED DISCOVERY PLAN.**

After attempting to reach an agreed discovery schedule, the parties were unable to do so. Defendants contend that the scope of discovery in this case should be limited and will include, on their part, written and/or oral discovery from Plaintiff and certain third parties such as the credit bureaus, Plaintiff's treating physician(s), to the extent applicable, and any experts disclosed by Plaintiff. Defendants believe that fact discovery can be completed within approximately 120 days from the date that Defendants are required to answer the Complaint, if ever, and propose a fact discovery cut-off date of January 23, 2009. With respect to expert discovery, Defendants propose that Plaintiff disclose expert witnesses and their expert reports by January 30, 2009. Plaintiffs shall make their experts available for deposition on or before February 15, 2009. Defendants shall disclose their expert witnesses and reports by March 23, 2009. Plaintiff shall disclose any rebuttal opinions in a written report by March 31, 2009 and Defendants shall be entitled to take Plaintiff's experts deposition relating to the rebuttal opinions on or before April 10, 2009. Defendants propose that the cut-off date for expert discovery, including expert depositions, shall be April 10, 2009.

Plaintiff proposes the deadlines outlined below. Plaintiff reserves the right to request modifications of these terms should facts and circumstances dictate. For the convenience of the Court, the parties itemized their respective proposed deadlines in the below chart.

| Discovery Item | Defendants' Proposed Deadlines | Plaintiff's Proposed Deadlines |
|---|---|---|
| Fact Discovery Cut-Off | January 23, 2009 | January 23, 2010 |
| Plaintiff's Expert Disclosure and Expert Reports | January 30, 2009 | April 30, 2010 |
| Plaintiff's Expert(s) Available for Deposition | February 15, 2009 | July 23, 2010 |

5

| Defendants' Expert Disclosure and Reports | March 23, 2009 | August 23, 2010 |
|---|---|---|
| Plaintiff's Rebuttal Expert Report(s) | March 31, 2009 | October 23, 2010 |
| Plaintiff's Expert(s) Available for Deposition on Rebuttal Opinions | April 10, 2009 | January 23, 2011 |
| Expert Discovery Cut-Off | April 10, 2009 | May 23, 2011 |

**J.    EARLIEST TRIAL DATE THE PARTIES WOULD BE READY FOR TRIAL AND THE PROBABLE LENGTH OF TRIAL.**

Defendants propose September 23, 2009 as a trial date, and believe that the trial in this matter should not exceed four (4) days. Plaintiff proposes a trial date of November 23, 2011. Plaintiff believes that the trial will last seven (7) days.

**K.    STATUS OF ANY SETTLEMENT DISCUSSIONS AND WHETHER A SETTLEMENT CONFERENCE WITH THE COURT WOULD BE USEFUL.**

Resurrection and Plaintiff have engaged in preliminary settlement discussions. At this point, in light of Plaintiff's initial settlement demand, Resurrection does not believe that a settlement conference with the Court will be fruitful.

There have been limited settlement discussions between ICS and Plaintiff. In light the pending motions to dismiss and the size of Plaintiff's settlement demand, ICS does not believe that a settlement conference with the Court would be productive at this time.

Plaintiff feels a settlement conference with the court would be useful.

**L.    WHETHER PARTIES WILL CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE.**

The parties do not consent to a trial before the magistrate judge.

Dated: June 18, 2008

Respectfully submitted,

| **Plaintiff:** | **Defendants:** |
|---|---|
| JOSEPH J. GIACALONE, JR., ESQ. | RESURRECTION MEDICAL CENTER |

<div style="display:flex">
<div>

Appearing *Pro Se*
           /s/ Joseph J. Giacalone, Jr.
Joseph J. Giacalone, Jr.
Giacalone & Associates, LLC
4304 N. Osceola Ave.
Norridge, IL 60706

</div>
<div>

           /s/  Steven D. Hamilton
One of Its Attorneys

Edwin E. Brooks
Steven D. Hamilton
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
(t) 312-849-8100
(f) 312-849-3690

*Attorneys for Resurrection Medical Center*


ILLINOIS COLLECTION SERVICE, INC.


           /s/ Stephen D. Vernon
One of Its Attorneys

David M. Schultz
Stephen D. Vernon
HINSHAW & CULBERTSON LLP
222 N. LaSalle St.
Suite 300
Chicago, IL  60601
(t): 312-704-3000
(f): 312-704-3001

*Attorneys for Illinois Collection Services, Inc.*

</div>
</div>

## **CERTIFICATE OF SERVICE**

      I, Steven D. Hamilton, an attorney, hereby certify that on June 18, 2008, I caused a copy of the foregoing *Initial Joint Status Report* to be filed with the Court's electronic filing system. Parties may access this document through that system.

                                                            /s/ Steven D. Hamilton

\6341130.1